6

PHILLIP A. TALBERT
United States Attorney
JEFFREY J. LODGE
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, California 93721
Telephone: (559) 497-4019
Email: jeffrey.lodge@usdoj.gov

Attorneys for the United States Department of Education

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>JENNA LONG,<br><br>                     Debtor. | Case No. 19-13871-A-7<br>Chapter 7 |
| JENNA LONG,<br><br>                     Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION, et al.,<br><br>                     Defendants. | Adv. Proceeding No. 22-01009-A<br><br>DCN: USA-1<br><br>Date: February 16, 2023<br>Time: 11:00 a.m.<br>Court: Dept. A, Ctrm. 11, 5th Floor<br>       2500 Tulare, Fresno, CA<br>Judge: Hon. Jennifer E. Niemann |

**UNITED STATES' MOTION TO DISMISS SECOND CAUSE OF ACTION**

      Plaintiff Jenna Long's Second Amended Complaint identifies two causes action: 1) to determine dischargeability of student loans under 11 U.S.C. § 523(a)(8); and 2) for damages under the section 1681s-2 of the Fair Credit Report Act ("FCRA"). A.P. 22-01009-A, Dkt. 45. The second cause of action should be dismissed because it does not state a claim that is plausible on its face. The complaint fails to state a legal basis for a claim under the FCRA and contains nothing more than a series of generalized grievances and a formulaic recitation of the elements of a cause of action and does not contain enough facts to state a claim for relief that is plausible on its face. There is no allegation that

UNITED STATES' MOTION TO DISMISS                                                        1

Long followed the notification process required by 15 U.S.C. § 1681s-2(b).  For these reasons, the complaint fails to state a plausible claim for violation of the FCRA against the United States Department of Education ("Education") as required by Bankruptcy Rule 7012(b)(6).

## FACTUAL BACKGROUND

Jenna Long ("Long") filed a voluntary petition under chapter 7 on September 10, 2019, without the assistance of counsel.  Doc. 1.  She received a chapter 7 discharge on February 19, 2020.  Doc. 62.  The Court is requested to take judicial notice that the discharge excepted from discharge any student loans.  11 U.S.C. § 523(a)(8).

**A. Initial Three Complaints**.  On December 18, 2019, Long filed three adversary proceedings seeking a discharge of her student loans, again without the assistance of counsel.  She filed Adversary Case 19-01133 against "State Dept. of Education."  Doc. 45.  The summons was never served, and the case was dismissed.  A.P. 19-01133, Doc. 9.  She filed Adversary Case 19-01134 against Nelnet.  Doc. 46.  The summons was never served, and the case was dismissed.  A.P. 19-01134, Doc. 9.  She filed Adversary Case 19-01135 against Navient.  Doc. 47.  Navient filed an answer, but the case was dismissed.  A.P. 19-1135, Doc. 11.

**B. AP 20-01014.**  On March 11, 2020, Long caused A.P. 20-01014 to be filed, with the assistance of counsel, Nancy D. Klepac.  A.P. 20-01014, Doc. 1.  That complaint named three parties as defendants, the United States Department of Education, Nelnet, and Navient.  *Id*.  It did not name the State Dept. of Education.  *Id*.  The complaint did not distinguish the actions of the three, named defendants in any material way.  *Id*.  The Complaint alleged that:

> 17) After the dismissal of Plaintiff/Debtor's first adversary proceeding, the Plaintiff/Debtor's credit was diminished 29 points by Defendants' marks taking her out of the range for which she could qualify for a house purchase.
>
> 18) The Plaintiff/Debtor has been harmed in the sum of $23,556 due to marks that have damaged her credit and prevented her from obtaining a fresh start.

*Id*. at 3:7-12.  The Complaint generally alleges that the Defendants "have been giving the Plaintiff/Debtor the run around."  *Id*. at 5:24-27.  For relief, the complaint seeks (1) undifferentiated damages in the amount of $23,556.00; (2) sanctions of $25,000 "for the harm to the Debtor's fresh start"; (3) an order declaring her student loan debts discharged pursuant to 11 U.S.C. § 523(a)(8); and

UNITED STATES' MOTION TO DISMISS                                                                      2

(4) attorney's fees. *Id*. at 6:4-14.

On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) became law providing temporary relief on ED-owned federal student loans. *See* https://studentaid.gov/announcements-events/covid-19. This legislation provided for suspension of student loan payments, stopped collections on defaulted loans, and a 0% interest rate. It did not discharge student loans. *Id*. This relief has been extended through at least June 30, 2023, with payments to resume 60 days after that. *Id*. Since then, under the CARES Act Education suspended Long's loan payments, stopped collections on her defaulted loans, and implemented a 0% interest rate. Education did not discharge the loans.

On April 15, 2020, Education filed a motion to dismiss A.P. 20-01014 for failure to state a claim against Education that was plausible. A.P. 20-01014, Dkt. 13. Long refused and indicated she would file an amended complaint but did not. On July 8, 2020, the Court granted Education's motion. *Id*. at Dkt. 38. Thus, the Education loans were not discharged.

**C.     A.P. 22-01009-A**. On or about March 23, 2022, Long with the assistance of counsel, Nancy D. Klepac, filed another complaint against Education regarding dischargeability of her student loans. A.P. 22-01009, Dkt. 1. After discussion between counsel, on May 27, 2022, an Amended Complaint was filed. *Id*. at Dkt. 11. Education filed an answer. *Id*. at Dkt. 13. Long insisted on suing Education's loan servicer, Nelnet. Nelnet moved for dismissal. *Id*. at Dkt. 29. The Court granted the motion, with leave to amend. *Id*. at Dkt 42.[1]

On or about August 24, 2022, Education announced one-time loan forgiveness of up to $20,000 as part of the Biden-Harris Administration student debt relief plan. *See* https://studentaid.gov/debt-relief-announcement/. On August 28, 2022, Education advised Long of this potential relief. She refused to dismiss the complaint.

On or about November 17, 2022, the Department of Justice's New Process for Student Loan Bankruptcy Discharge Cases. *See* https://www.justice.gov/civil/documents-and-forms-0#commercial. On the same day, Education requested that Long complete the attached form under oath. If it meets the

---

[1] It is not clear whether the Court authorized Long to amend the complaint as to Education as required by Bankruptcy Rule 7015. The order seemingly applies only to allow a new claim against Nelnet, not Education.

UNITED STATES' MOTION TO DISMISS                                                                             3

guidelines, Education may stipulate to relief without additional litigation/discovery.  Long has failed to respond.

On December 7, 2022, Long filed a Second Amended Complaint against Education seeking discharge of her student loans.  A.P. 22-01009, Dkt. 45, 46.  She added a second cause of action against both Education and Nelnet for violation of the section 1681s-2 of the Fair Credit Reporting Act.  *Id.*  Long alleges that "The NELNET website shows that the Defendants (discharged, forgave, removed) the indebtedness of the Plaintiff/Debtor and that she currently owes them $0.00."  *Id.* at para. 53.  She attached an exhibit showing the "Application Status" on a "secure.disabilitydischarge.com" website.  *Id.* at para.  Dkt. 45, 46 Ex. B.  She claims that this harms her credit and somehow violates the FCRA.  *Id.*

The Second Amended Complaint does not include an allegation that her credit reporting was incorrect.  A.P. 22-01009, Dkt. 45.  It does not allege that there was a violation of the discharge order.  It does not allege that her bankruptcy discharge was effective to discharge her Education student loans.  It does not allege that Education's website reflects a zero-student loan balance.  It does claim that Long even checked the status of her student loans through Education's website.  *See* https://studentaid.gov/fsa-id/create-account/launch.  It does not allege that Long and/or a Credit Reporting Agency notified Education of the disputed accuracy of her credit reports.

On December 19, 2022, counsel for Education sent an email to Long's attorney to meet and confer regarding the deficiencies in the second cause of action.  Education also reiterated its request that Long engage the New Process for Student Loan Bankruptcy Discharge Cases.  Long failed to respond.

Education moves for dismissal of the second cause of action on the grounds that the Second Amended Complaint fails to state a plausible cause of action under the FCRA.  Long should explain why she has refused to engage in the administrative remedies available to her and why this protracted litigation, now in its third year, is not an abuse of process.

## **LEGAL STANDARDS**

Rule 12(b)(6) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Bankruptcy Rule 7012, provides that a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal

theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  The complaint must be construed in the light most favorable to the plaintiff.  *Parks Sch. of Business v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  However, the Court need not accept as true conclusory allegations, legal characterizations or unreasonable inferences.  *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007) ("[c]onclusory allegations and unreasonable inferences . . . are insufficient to defeat a motion to dismiss."); *see also Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) (courts need not accept as true legal argument cast in the form of factual allegations).  Nor need the Court assume that the plaintiff can prove facts different from those alleged.  *Associated General Contractors, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Courts may consider matters of which they may take judicial notice under Federal Rule of Evidence 201(f) without converting the motion into a Rule 56 motion for summary judgment.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

In addition, to survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 127 S. Ct. 1955, 1974 (2007); *see also Weber v. VA*, 512 F.3d 1178, 1181 (9th Cir. 2008).  Thus, the allegations must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. 544, 555.  Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (internal citations omitted).  Further, a complaint must contain factual allegations giving not "only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."  *Twombly*, 127 S. Ct. at 1965 n. 3.

## DISCUSSION

**A.　　The Complaint Fails to State a Claim against Education under the FCRA.**

**1.  There is no claim that Long followed the notification process.**

The Second Amended Complaint does not allege that a Credit Reporting Agency ("CRA") notified Education of Long's dispute concerning the information in the Report.  A.P. 22-01009, Dkt. 45.  Long does not even allege that she notified a CRA of the discrepancy.  The Second Amended Complaint alleges only that "The NELNET website shows that the Defendants (discharged, forgave, removed) the indebtedness of the Plaintiff/Debtor and that she currently owes them $0.00."  *Id.* at para. 53.  This alone

is insufficient to state a claim under FCRA Section 1681s–2(b).  Courts have dismissed FCRA claims because they failed to follow the notification process required by 15 U.S.C. § 1681s-2(b), which foreclosed their private right of action.  *Sprague v. Salisbury Bank & Trust Co.*, 969 F.3d 95, 99 (2d Cir. 2020); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009).

**2. There is no claim that Education misreported anything to a CRA.**

The allegations are nothing more than a series of generalized grievances which do not state a claim that any reporting on the loan to a CRA is inaccurate.  A.P. 22-01009, Dkt. 45.  The claims seem somehow related to bankruptcy.  *Id*. at para. 42, 57 Ex. B.  But it is beyond reasonable dispute that Long's bankruptcy discharge did not discharge Education's student loan debt.  11 U.S.C. §727(b); 11 U.S.C. § 523(a)(8).  In fact, Count One of the Second Amended Complaint seeks dischargeabiliity under Section 523(a)(8).  *Id*.  The remedy for violation of the automatic stay or a discharge order is contempt.  *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019); *Walls v. Wells Fargo Bank*, 276 F.3d 502, 504 (9th Cir. 2002); *In re LeGrand*, 612 B.R. 604 (Bankr. E.D. Cal. 2020).  No claim for contempt has been made.  Without a discharge and no claim for contempt, Long has failed to state a cognizable claim under FCRA against Education.  *See* Fed.R.Bankr.P. 7008.  If Long mistakenly assumed her Education student loans were somehow discharged, it was incumbent upon her to check the status of her account on Education's website or otherwise contact Education to seek clarification and her failure to do so does not suggest misreporting nor does it support a claim under the FCRA.

## CONCLUSION

As shown above, the second cause of action under the FCRA should be dismissed.

Dated:  January 3, 2023                                     Respectfully submitted,

                                                                    PHILLIP A. TALBERT
                                                                    United States Attorney

                                                        By: /s/Jeffrey J. Lodge
                                                            Jeffrey J. Lodge
                                                            Assistant U.S. Attorney
                                                            Attorneys for the United States